```
             IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| VARIOUS PLAINTIFFS | : | CONSOLIDATED UNDER |
| | : | MDL 875 |
| | : | |
| | : | Transferred from the |
| v. | : | District of North Dakota |
| | : | |
| | : | |
| | : | Case Nos.: See Exhibit A |
| VARIOUS DEFENDANTS. | : | (attached hereto) |

FILED APR 23 2012 MICHAEL E. KUNZ, Clerk By_____Dep. Clerk

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                              APRIL 20, 2012

TABLE OF CONTENTS

I.   BACKGROUND................................................. 2
II.  LEGAL STANDARD............................................. 3
     A.   SUMMARY JUDGMENT STANDARD............................. 3
     B.   THE APPLICABLE LAW.................................... 4
III. DISCUSSION................................................. 4
     A.   DEFENDANT'S ARGUMENT.................................. 4
     B.   PLAINTIFFS' ARGUMENTS................................. 6
     C.   ANALYSIS.............................................. 7
IV.  CONCLUSION.................................................14

Before the Court are Motions for Summary Judgment in forty-one (41) various cases originating in North Dakota, all of which are part of MDL-875, the consolidated asbestos products liability multidistrict litigation pending in the U.S. District Court for the Eastern District of Pennsylvania. Defendant Jamar Company ("Jamar") has moved for summary judgment in each case claiming, <u>inter alia</u>, that, under applicable state law - in this case, Minnesota - it cannot be liable for the conduct of its dissolved predecessor corporation.

I.   BACKGROUND

The "Amoco Cases" were transferred from the United States District Court for the District of North Dakota to the United States District Court for the Eastern District of Pennsylvania as part of MDL-875 in 1992 and 1993, after having been filed in North Dakota in 1990.

Each of the plaintiffs (or decedents) in these cases worked at the same Amoco Refinery in Mandan, North Dakota, and has since been diagnosed with an asbestos-related illness. The majority of these workers have since died as a result of this illness. Defendant Jamar Company ("Jamar") has moved for summary judgment in each of these cases arguing that (1) it cannot be sued because of the dissolution of its predecessor corporation in 1985, and (2) there is insufficient product identification evidence to support a finding of causation with respect to the insulation its predecessor corporation installed.[1]

Forty-one (41) of the plaintiffs ("Plaintiffs") have opposed Jamar's motions, contending, inter alia, that summary judgment is not warranted because Jamar is liable despite its predecessor's 1985 dissolution, and (2) there is sufficient evidence from which a reasonable jury could conclude that their asbestos-related illnesses were caused by exposure to insulation

---

[1] Given the disposition of the case, the Court need not reach Defendant's argument pertaining to product identification evidence and, therefore, declines to do so.

installed by Jamar's predecessor. The parties agree that Minnesota law applies as to the issue of liability of a successor corporation for conduct of its dissolved predecessor corporation (because Jamar's predecessor – like Jamar – was organized and incorporated under the laws of Minnesota).

## II. LEGAL STANDARD

### A. Summary Judgment Standard

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "A motion for summary judgment will not be defeated by 'the mere existence' of some disputed facts, but will be denied when there is a genuine issue of material fact." Am. Eagle Outfitters v. Lyle & Scott Ltd., 584 F.3d 575, 581 (3d Cir. 2009) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-248 (1986)). A fact is "material" if proof of its existence or non-existence might affect the outcome of the litigation, and a dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248.

In undertaking this analysis, the court views the facts in the light most favorable to the non-moving party. "After making all reasonable inferences in the nonmoving party's favor, there is a genuine issue of material fact if a reasonable jury could find for the nonmoving party." Pignataro v. Port Auth. of

N.Y. & N.J., 593 F.3d 265, 268 (3d Cir. 2010) (citing Reliance Ins. Co. v. Moessner, 121 F.3d 895, 900 (3d Cir. 1997)). While the moving party bears the initial burden of showing the absence of a genuine issue of material fact, meeting this obligation shifts the burden to the non-moving party who must "set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 250.

    B.   The Applicable Law

The parties have all agreed that Minnesota substantive law governs the issue of liability of Defendant for conduct of its dissolved predecessor corporation. Therefore, this Court will apply Minnesota law in deciding this issue. See Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938); see also Guaranty Trust Co. v. York, 326 U.S. 99, 108 (1945).

### III. DISCUSSION

    A.  Defendant's Argument

Defendant Jamar (sometimes referred to in the parties' briefing as "the new Jamar Company") concedes that a predecessor company (with the same name, also incorporated under the laws of Minnesota) supplied and installed the initial insulation throughout the Amoco facility during its construction in 1954. However, it contends that it cannot face liability because the previous Jamar Company )(sometimes referred to in the parties' briefing as "the old Jamar Company") dissolved in 1985 and sold

4

its assets (including the rights to its name) to Defendant Jamar. A chart illustrating that corporate history (which was prepared by Defendant) appears as Exhibit B and is part of the record.

Defendant cites to a 2003 decision issued by the Minnesota Court of Appeals that held that, under Minnesota Statutes Section 302A.781, this same defendant (Jamar) could not be liable for asbestos claims brought against it more than one year after the dissolution of its predecessor company ("the old Jamar Company"): Podvin v. The Jamar Company, 655 N.W.2d 645 (Minn. App. 2003).

In its reply brief, and in response to Plaintiffs' argument that, since Podvin, the Minnesota legislature created an exception allowing for personal injury claims to be brought more than one year after a corporation's dissolution (the "2007 Amendment"), Defendant asserts that this provision is not retroactive. Under Minnesota caselaw, according to Defendant, a statutory provision is only deemed retroactive where there is clear evidence of an intent by the legislature to make it retroactive (such that it is a provision clarifying existing law and thus having retroactive effect, rather than amending the existing law with a new, substantive law to have only prospective effect). Defendant contends that this would be the case in situations where, unlike here, there is (1) explicit language in the statute stating that it has retroactive effect, or (2)

5

immediate enactment of the provision in response to judicial decisions interpreting the statute. In this case, Defendant argues, there is no basis for concluding that the 2007 Amendment to the statute was intended to be retroactive because (1) there is no language in the statute indicating that the 2007 Amendment is intended to "clarify" or intended to have retroactive effect, and (2) it was not enacted until four (4) years after the contrary decision in Podvin was issued.

### B. Plaintiffs' Arguments

Plaintiffs cite to a 1994 decision issued by the Minnesota Court of Appeals, which also involved the current defendant (Jamar), and which Plaintiffs contend indicates that, under Minnesota law, a dissolved corporation may be sued, notwithstanding its dissolution: Evert v. AcandS, Inc., 1994 Westlaw 654532 (Minn. App. 1994).

Plaintiffs contend that Defendant is liable despite the Minnesota Court of Appeals's 2003 decision Podvin because (1) Podvin is an "outlier" decision reaching a different outcome than earlier decisions by courts in Minnesota, and (2) Podvin was overruled by a statutory provision enacted by the 2007 Amendment with contrary effect, which added a new provision to the very statute construed by the Podvin court (Minnesota Statutes Section 302A.781). Plaintiffs contend this new statutory provision was intended to "clarify" the legislature's intent regarding the

6

statute, thus making it retroactive – as opposed to creating a new substantive provision that would only have effect prospectively.

Plaintiffs also argue that Defendant should be liable because (1) its predecessor corporation ("the old Jamar Company") decided to dissolve in 1984, only five months after being named as a defendant in its first asbestos case, and was essentially transformed into Defendant ("the new Jamar Company") the same day that predecessor "the old Jamar Company" dissolved, at which time Mr. Walker Jamar, Jr. has since conceded he personally burned virtually ever record of sales, distribution, and operation of "the old Jamar Company," and (2) Defendant's predecessor ("the old Jamar Company") remains covered by policies of several insurance companies in connection with asbestos-caused injuries from exposure as far back as the 1950s.

C.  **Analysis**

It is undisputed that Defendant Jamar's predecessor company ("the old Jamar company") dissolved in 1985. It is undisputed that none of the Plaintiffs' claims were filed until 1990. In 2003, the Minnesota Court of Appeals construed Minnesota Statutes Section 302A.781 and held that this very defendant (Jamar) cannot be liable for asbestos claims (based on conduct of its predecessor) that were brought against it more than one year after the dissolution of its predecessor company ("the old Jamar

7

Company"). <u>Podvin v. The Jamar Company</u>, 655 N.W.2d 645 (Minn. App. 2003). All parties concede that this is the holding of <u>Podvin</u>.

It is also undisputed that the 2007 Amendment added a new subsection (subsection 5) to Section 302A.781, which creates an exception for personal injury claims. The statute (with newly enacted provision) states:

> **Subdivision 1**. Claims barred. Except as provided in this section, a creditor or claimant whose claims are barred under section 302A.727, 302A.7291, or 302A.759 includes a person who is or becomes a creditor or claimant at any time before, during, or following the conclusion of dissolution proceedings, and all those claiming through or under the creditor or claimant.
>
> **Subd. 2**. Claims reopened. At any time within one year after articles of dissolution have been filed with the secretary of state pursuant to section 302A.727 or 302A.7291, subdivision 1, clause (2), or a decree of dissolution has been entered, a creditor or claimant who shows good cause for not having previously filed the claim may apply to a court in this state to allow a claim:
>
> (a) against the corporation to the extent of undistributed assets; or
>
> (b) if the undistributed assets are not sufficient to satisfy the claim, against a shareholder, whose liability shall be limited to a portion of the claim that is equal to the portion of the distributions to shareholders in liquidation or dissolution received by the shareholder, but in no event may a shareholder's liability exceed the amount which that shareholder actually received in the dissolution.
>
> **Subd. 3**. Obligations incurred during dissolution proceedings. All known contractual debts, obligations, and liabilities incurred in the course of winding up the corporation's affairs shall be paid or provided for

8

>by the corporation before the distribution of assets to a shareholder. A person to whom this kind of debt, obligation, or liability is owed but not paid may pursue any remedy before the expiration of the applicable statute of limitations against the officers and directors of the corporation who are responsible for, but who fail to cause the corporation to pay or make provision for payment of the debts, obligations, and liabilities or against shareholders to the extent permitted under section 302A.559. This subdivision does not apply to dissolution under the supervision or order of a court.
>
>**Subd. 4.** Statutory homeowner warranty claims preserved. The statutory warranties provided under section 327A.02, and any contribution or indemnity claim arising from the breach of those warranties, are not affected by the dissolution under this chapter of a vendor or home improvement contractor.
>
>**Subd. 5. <u>Other claims preserved</u>. In addition to the claims in subdivision 4, all other statutory and common law rights of persons who may bring claims of injury to a person, including death, are not affected by dissolution under this chapter.**

Minn. Stat. Ann. 302A.781 (emphasis added). The statute provides that it is "effective July 1, 2007."

The issue in this case is whether the 2007 Amendment (which excludes personal injury claims from the time-barring provisions of this corporate dissolution statute) is retroactive, such that Plaintiffs' claims, brought in 1990 (five years after the 1985 dissolution of Defendant's predecessor), are not time-barred by the statute despite the Minnesota Court of Appeals's construction in 2003 of the earlier version of the statute. (The Court notes that neither party has contended that a different version of the statute is applicable and there is no indication

9

from the statute's historical amendments that there was ever a time prior to the 2007 enactment where claims brought five years after the corporation's dissolution would not have been barred.) Therefore, the Court must determine whether the provision in the 2007 Amendment set forth in Subsection 5 has retroactive effect.

This appears to be an issue of first impression under Minnesota law. This Court, as an MDL court, has previously stated that, generally, it would remand unsettled issues of state law to the transferor court unless it could predict with reasonable assurance the future development of state law as it relates to the issue before the Court. See, e.g., Faddish v. CBS Corp., No. 09-70626, 2010 WL 4159238, at *5 (E.D. Pa. Oct. 22, 2010) (Robreno, J.); but see In re Asbestos Products Liability Litigation (No. VI), 278 F.R.D. 126, 133-35 (E.D. Pa. 2011)(Robreno, J.)(where reaching the substantive state law issue was necessary to make procedural rulings on a large number of cases). The Court believes that, in matters of state law, the transferor court, albeit a federal court, generally is more experienced in the application of the law of the state in which it sits than is the transferee MDL court. See, e.g., Musselman v. Amphenol Corp., No. 01-69486, 2011 WL 6415165, at *1 (E.D. Pa. Nov. 28, 2011)(Robreno, J.)(remanding an issue of Arkansas state law to the transferor court in Delaware, with a suggestion that the Delaware court transfer the case to the district court in

10

Arkansas, pursuant to 28 U.S.C. § 1404(a), for the convenience of the parties and witnesses, and in the interests of justice); In re Asbestos Products Liability Litigation (No. VI), No. 06-68004, 2011 WL 6016081, at *1 (E.D. Pa. Aug. 30, 2011)(Robreno, J.)(remanding to the transferor court in Virginia an issue of unsettled Virginia law, where there was no Virginia appellate authority on point and there existed a split of authority on the issue throughout the country). In this case, the state law at issue is the law of Minnesota, while the transferor court sits in North Dakota. Therefore, since, in this case, the transferor court would not be asked to apply the law of the state in which it sits, but would be applying a foreign law (i.e., Minnesota law), there is no compelling reason to remand the case to a North Dakota court for that purpose. See id. Under these circumstances, the Court will proceed to predict Minnesota law in this case.

Minnesota Statutes Section 645.21 provides:

> **645.21. Presumption against retroactive effect**
> No law shall be construed to be retroactive unless clearly and manifestly so intended by the legislature.

The Minnesota Supreme Court has identified examples of such clear and manifest intentions of the legislature to make a statute retroactive. One way the legislature can indicate an intent to make a statute retroactive is by explicit indication in the language of the statute. Lickteig v. Kolar, 782 N.W.2d 810,

11

818-19 (Minn. 2010). For example, the Minnesota Supreme Court has held that a delayed discovery statute was retroactive where the statute provided that it applied to claims "pending on or commenced on or after" the effective date. Lickteig, 782 N.W.2d at 818-19. The Minnesota Supreme Court has also held retroactive a statute of limitations enacted "effective August 1, 1999" and which the statute indicated applied "to actions commenced on or after" the effective date. Id. (citing Gomon v. Northland Family Physicians, Ltd., 645 N.W.2d 413, 416 (Minn. 2002)).

The 2007 Amendment at issue in the present case provides that it is effective July 1, 2007. However, it does not state that it is intended to apply to claims pending on the date it became effective or commenced after the date it became effective. Furthermore, the Court notes that, when the statute at issue in the present case was amended in 1982, there was specification by the legislature that "[l]anguage clarifying who is subject to this provision was added by this amendment." M.S.A. § 302A.781. However, there is no such indication regarding the language added in 2007. There is no other language anywhere in the text of the statute to indicate that it is intended to have retroactive effect.

Plaintiffs contend that another way the legislature can indicate an intent to make a statute retroactive is by a "prompt" or "immediate" reaction by the legislature to a decision issued

12

by the courts in the state to, in effect, overrule those decisions. Plaintiffs cite to Carlson v. Lilyerd, 449 N.W.2d 185 (Minn. App. 1989), which in turn discusses Hoben v. The City of Minneapolis, 324 N.W.2d 161 (Minn. 1982). In Carlson, the court noted that the legislature took "immediate legislative action" to amend a law four (4) months after a decision of the courts interpreting and applying that law. In Hoben, the court noted that "the legislature reacted at the next session of the legislature [occurring approximately seven (7) months after a decision of the courts interpreting and applying the that law] by amending" the provision at issue. 324 N.W.2d at 162. By contrast, the newly enacted statutory language at issue in the case at hand was not enacted until over four (4) years after the Podvin decision issued by the Minnesota Court of Appeals. Therefore, even assuming that an immediate reaction by the legislature would indicate an intent of the legislature to enact a "clarifying" provision with retroactive effect, as Plaintiffs argue, the Court finds that a lapse of four (4) years is too great a lapse to support an inference of intent by the Minnesota legislature to clarify Section 302A.781 in response to Podvin.

    The Court has researched, but did not locate, any legislative history pertaining to the enactment of the 2007 Amendment, and the parties have offered none. Although at oral argument Plaintiffs requested leave to submit relevant

legislative history, and the Court granted such leave, no such history has been provided by Plaintiffs. Therefore, in light of the foregoing considerations, the Court holds that there is no indication of clear and manifest intent by the Minnesota legislature to make the newly enacted Subdivision (5) retroactive. See M.S.A. § 645.21. Accordingly, summary judgment in favor of Defendant Jamar is granted with respect to each of its forty-one (41) motions, as Plaintiffs' claims are barred by Section 302A.781.  See Podvin, 655 N.W.2d 645.

IV.  Conclusion

Summary judgment in favor of Defendant Jamar is warranted in each of the forty-one (41) cases in which Plaintiffs opposed Jamar's motion (see Exhibit A, attached hereto) because Plaintiffs' claims are barred by Minnesota's corporate dissolution statute.  Accordingly, Defendant's motion in each case is granted.

## Exhibit A

### Motions by Jamar Company
### in Various Cases Transferred from the
### United States District Court for the District of North Dakota

|    | Decedent's Name | D.N.D. Case No. | E.D. PA Case No. | Doc. No. |
|----|-----------------|-----------------|------------------|----------|
| 1  | Robert Albin | 90-00235 | 09-66618 | 33 |
| 2  | Norlin Backman | 90-00238 | 09-66620 | 28 |
| 3  | William Bentley | 90-00240 | 09-66622 | 29 |
| 4  | Raymond Birst | 90-00241 | 09-66623 | 34 |
| 5  | Leonard Ereth | 90-00242 | 09-66624 | 33 |
| 6  | Michael Ehreth | 90-00246 | 09-66627 | 23 |
| 7  | John Ewine | 90-00248 | 09-66629 | 33 |
| 8  | Clarence Fateley | 90-00249 | 09-66630 | 38 |
| 9  | Warren Guenthner | 90-00252 | 09-66633 | 32 |
| 10 | Elmer Gustafson | 90-00253 | 09-66634 | 24 |
| 11 | Lloyd Heid | 90-00255 | 09-66636 | 29 |
| 12 | Mike Hilzendeger | 90-00256 | 09-66637 | 26 |
| 13 | Jerome Jacobs | 90-00258 | 09-66639 | 29 |
| 14 | Boyd Jaskoviak | 90-00259 | 09-66640 | 29 |
| 15 | Gerald Karch | 90-00260 | 09-66641 | 29 |
| 16 | Ted Kary | 90-00261 | 09-66642 | 27 |
| 17 | Creighton Kettelson | 90-00262 | 09-66643 | 29 |
| 18 | Virgil Koenig | 90-00264 | 09-66645 | 26 |
| 19 | Joseph Leingang | 90-00265 | 09-66646 | 28 |
| 20 | Richard Leingang | 90-00266 | 09-66647 | 32 |
| 21 | Earl Lippert | 90-00268 | 09-66649 | 28 |
| 22 | Alvin Loebeck | 90-00269 | 09-66650 | 33 |
| 23 | Lorraine McCulley | 90-00270 | 09-66651 | 29 |
| 24 | Alvie Nixon | 90-00272 | 09-66653 | 28 |

| 25 | Albert Petrasek | 90-00275 | 09-66656 | 28 |
|---|---|---|---|---|
| 26 | Thomas Rambur | 90-00277 | 09-66658 | 27 |
| 27 | David Schmidt | 90-00280 | 09-66661 | 30 |
| 28 | Joseph Schneider | 90-00281 | 09-66662 | 33 |
| 29 | Joseph Senger | 90-00284 | 09-66665 | 32 |
| 30 | Earl Setterlund | 90-00286 | 09-66667 | 28 |
| 31 | Daryl Sheldon | 90-00287 | 09-66668 | 32 |
| 32 | Gerard Sheldon | 90-00288 | 09-66669 | 30 |
| 33 | Melvin Skager | 90-00289 | 09-66670 | 28 |
| 34 | Donald Stumpf | 90-00291 | 09-66672 | 28 |
| 35 | Larry Sullivan | 90-00292 | 09-66673 | 32 |
| 36 | Wallace Toepke | 90-00294 | 09-66675 | 34 |
| 37 | William Woods | 90-00298 | 09-66679 | 32 |
| 38 | DuWayne Zachmeier | 90-00299 | 09-66680 | 29 |
| 39 | Richard Zachmeier | 90-00300 | 09-66681 | 29 |
| 40 | William Zachmeier | 90-00301 | 09-66682 | 28 |
| 41 | James Zoller | 90-00302 | 09-66683 | 32 |

EXHIBIT B

## 1913

WALKER JAMAR COMPANY

## 1982



## 1985



